**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| LONGI SOLAR TECHNOLOGY (U.S.), INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES, UNITED STATES CUSTOMS AND BORDER PROTECTION, and CHRIS MAGNUS, in his official capacity as Commissioner of United States Customs and Border Protection<br><br>Defendants. | Before: Hon. Gary S. Katzmann, Judge<br>Court No. 22-00212 |

**UNOPPOSED MOTION TO STAY PROCEEDINGS**

On behalf of Plaintiff LONGi Solar Technology (U.S.), Inc. ("Plaintiff" or "LONGi"), we respectfully request that the U.S. Court of International Trade ("Court") stay further action in CIT Case No. 22-00212 until final resolution of *Solar Energy Industries Association et al. v. United States et al.*, Fed. Cir. Case No. 2022-1392 ("*SEIA*"), including the resolution of any appeals therefrom. This stay will serve the interests of all parties to this litigation and the Court, by avoiding unnecessary litigation and duplication of arguments and by minimizing administrative burdens and costs. Counsel for Plaintiff has consulted regarding this motion with counsel for Defendant United States, who states that the Government, without subscribing to all of the statements in LONGi's motion filing, consents to LONGi's request to stay this action.

## I. BACKGROUND

LONGi initiated this action to challenge Presidential Proclamation 10101, *To Further Facilitate Positive Adjustment to Competition From Imports of Certain Crystalline Silicon*

*Photovoltaic Cells (Whether or Not Partially or Fully Assembled Into Other Products)*, 85 Fed. Reg. 65,639 (Oct. 16, 2020) ("Modification Proclamation"), in which the prior presidential administration sought to withdraw the exclusion from Section 201 safeguard duties for imported bifacial crystalline silicon photovoltaic ("CSPV") solar panels without complying with the requirements of the Administrative Procedure Act. This Modification Proclamation resulted in imposition of hundreds of millions of dollars in additional tariffs on Plaintiff's imported CSPV solar panels. See Complaint at ¶ 1-2.

The legality of the Modification Proclamation, which is central to this action, was litigated in *Solar Industries Association et al. v. United States et al.*, CIT Case No. 20-03941, and is currently on appeal in Fed. Cir. Case No. 2022-1392. For this reason, staying this action, pending the outcome of the *SEIA* litigation, serves efficiency and the interests of parties and the Court.

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("*Landis*"). A court's judgment "must weigh competing interests and maintain an even balance," and, when a party requests a stay that presents "even a fair possibility" that it "will work damage to someone else," a court should grant the stay only if the moving party has demonstrated "a clear case of hardship or inequity" in the absence of the stay. *Id*. at 254-55.

This Court has confirmed, however, that "[a]bsent a showing that there is at least a fair possibility that the stay will work damage to some one else, there is no requirement that [the movant] make a strong showing of necessity or establish a clear case of hardship or inequity to

warrant the granting of the requested stay." *RHI Refractories Liaoning Co. v. United States*, 35 CIT 407, 411, 774 F. Supp. 2d 1280, 1284-85 (2011) ("*RHI Refractories*"), (citing *An Giang Agric. & Food Imp. Exp. Co. v. United States*, 28 CIT 1671, 1677, 350 F. Supp. 2d 1162, 1167 (2004); *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)).

In *RHI Refractories*, therefore, in response to a motion to stay proceedings pending the outcome of a Federal Circuit appeal of litigation involving similar issues, this Court declined to require a demonstration of hardship, noting that the movant was not seeking to delay the effect of the relevant antidumping and countervailing duty orders, and the stay would not keep the government from enforcing the orders or collecting duties. In granting the requested stay, the Court also emphasized that briefing in the related litigation had already begun, such that any delay would not be indefinite and would "promote judicial economy and preserve the resources of the parties and the court." *Id*.

## III. ARGUMENT

The legality of the Modification Proclamation is fundamental to the outcomes of both *SEIA* and this case. This Court has already granted summary judgment in favor of the *SEIA* plaintiffs and set aside the Modification Proclamation as unlawful. *Solar Energy Indus. Ass'n v. United States*, 553 F. Supp. 3d 1322 (Ct. Int'l Trade 2021). That decision is currently under review at the Federal Circuit. The Court should therefore stay further litigation involving a virtually identical legal challenge to the same proclamation, pending the outcome of the *SEIA* appeal.

Staying the proceedings in this case, pending the outcome of the *SEIA* proceedings, creates not even a fair possibility of harm to Defendant United States and would promote judicial

economy and spare both the parties' and the Court's resources. Thus, following its reasoning and ruling in *RHI Refractories*, the Court should stay the proceedings in this case.

The requested stay does not prohibit the United States from enforcing any order or collecting any safeguard duties. This action relates to Plaintiff's imports after October 25, 2020 and before February 7, 2022, and the government has already collected the duties imposed by the Modification Proclamation on Plaintiff's entries. Complaint at ¶ 5.

As was also relevant in *RHI Refractories*, the requested stay will not be indefinite. The government filed its appeal in *SEIA* on January 14, 2022, and briefing is underway. *See* the docket for Fed. Cir. Case No. 2022-1392.

The stay also would not harm Defendant United States in any other way. On the contrary, the United States has already devoted significant resources to its defense of the Modification Proclamation at the trial level and is now focusing its resources on appeal in *SEIA*. Rather than being harmed by a stay, the United States would benefit by avoiding duplication of these efforts to analyze, brief, and argue the same issue in LONGi's case.

Because the stay creates no possibility of harm to the parties, Plaintiff is not required to make the "clear case of hardship or inequity" referenced in *Landis*. Instead, Plaintiff requests that the Court focus on the benefits to the parties and the Court of the judicial economy and spared resources that will result from the stay, as the Court did when it granted the stay in *RHI Refractories*.

## IV. CONCLUSION

For these reasons, Plaintiff requests that the Court stay further action in this case until final resolution of *Solar Energy Industries Association et al. v. United States et al.*, Fed. Cir. Case No. 2022-1392.

Respectfully submitted,

/s/ Chunlian (Lian) Yang
Chunlian (Lian) Yang
Bobbi Jo Shannon
Lucas Queiroz Pires
**ALSTON & BIRD LLP**
950 F Street NW
Washington, D.C. 20004
(202) 239-3490
Lian.Yang@Alston.com

*Counsel to LONGi Solar Technology (U.S.), Inc.*

August 9, 2022